**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

ANTHONY G. GRADY,            :
                                    Civil Action No. 08-6048 (JAP)
          Petitioner,        :

     v.                      :    **OPINION**

SOMERSET COUNTY COURT,       :

          Respondent.        :

**APPEARANCES**:

Petitioner pro se
Anthony G. Grady
Somerset County Jail
20 North Bridge Street
Somerville, NJ 08876

**PISANO**, District Judge

   Petitioner Anthony G. Grady, a prisoner currently confined at Somerset County Jail in Somerville, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

to 28 U.S.C. § 1915(a).  The respondent is Somerset County Court.[2]

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition without prejudice.  See 28 U.S.C. § 2243.

### I.   BACKGROUND

Petitioner has submitted an unsigned Petition containing only minimal allegations.  He alleges that the criminal action at issue is Somerset County Criminal Case No. 08000542/001.  He states further that he is submitting this Petition "in reference to the Court trying to give me an unjust sentence for the degree of the crime which is a third degree."[3]  (Petition, ¶ 11(e).)  Petitioner states that he was convicted of more than one crime, but he does not state whether he has been sentenced.  The allegation that the court is "trying" to sentence him suggests that no sentence has, as yet, been imposed.  He also states that

---

[2] Somerset County Court is not a proper respondent in this habeas matter.  See Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").  Because of the disposition of this case, however, it is not necessary to direct Petitioner to amend the Petition to name a proper respondent.

[3] Elsewhere, Petitioner alleges "Because my charge is third degree and only carries five years and they're trying to give me eight."  (Petition, ¶ 13(a).)

he has not appealed the conviction or challenged it by any collateral proceeding in state court.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

III.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)(i) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>     (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>     (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[4]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary

---

[4] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at

6

516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.[5] In addition, the Court of Appeals for the Third Circuit

---

[5] Even though a petitioner has already completed his direct appeals and one round of post conviction relief motions, many of New Jersey's procedural bars are subject to relaxation. For example, although New Jersey Court Rule 3:22-4 bars a petitioner from raising a ground for relief in a post-conviction proceeding if it could have been raised in a prior proceeding, the rule contains a mechanism for excusing this bar. Rule 3:22-4 states that a petitioner will not be barred from asserting the new ground for relief if:

> the court on motion or at the hearing finds (a) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (b) that enforcement of the bar would result in fundamental injustice; or (c) that denial of relief would be contrary to the Constitution of the United States or the State of New Jersey.

N.J. Ct. R. 3:22-4. It is possible that the courts of the State of New Jersey may find that barring a petitioner from presenting his claims would result in a fundamental injustice or would be contrary to the Constitution of the United States or the State of New Jersey. Furthermore, Petitioner has not indicated to the Court any decision by a court in the State of New Jersey which would prohibit relieving him of Rule 3:22-4's bar. New Jersey Court Rule 3:22-5 also may not be strictly enforced and, therefore, a petitioner may not be barred from bringing his unexhausted claim in state court. Rule 3:22-5 mandates that "[a] prior adjudication upon the merits of any ground for relief is conclusive ... ." The New Jersey courts may relax these rules "[w]here meritorious issues are presented, [because the state court's] interest in affording defendants access to both state post-conviction and federal habeas review outweighs [their]

has stated that, "if a prisoner could establish that the activities of the state authorities made the prisoner's resort to the state procedures in effect unavailable, exhaustion would be excused." Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir.), cert. denied, 484 U.S. 946 (1987).  However, discovery and an evidentiary hearing should not be made available to a habeas petitioner who claims relief from the exhaustion rule "unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, if any, to determine if further proceedings are appropriate." Id. at 186.  "[T]he allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187.

Here, Petitioner does not even allege that he has been sentenced.  He affirmatively pleads that he has not exhausted his state remedies and he alleges no facts that would suggest that appeal and post-conviction remedies afforded by New Jersey law

---

interest in finality through an unnecessarily-rigid enforcement of state procedural rules." State v. Preciose, 129 N.J. 451, 475-76 (1992); see also State v. Mitchell, 126 N.J. 565 (1992). Similarly, New Jersey Court Rule 3:22-12 permits waiver of the five-year limitations period for petitions for post conviction relief where delay is due to "excusable neglect."  Therefore, it is not clear that Petitioner would be barred from presenting his claims in state court.

are effectively unavailable.  As Petitioner has clearly failed to exhaust his state remedies, this Petition must be dismissed without prejudice for failure to exhaust.  This Court expresses no opinion as to the merits of Petitioner's claim.[6]

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[6] The Court does note, however, that the claim presented is that of an error of state law, not a grounds for federal habeas relief, rather than a claim of federal constitutional error.

9

debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the correctness of this Court's procedural ruling debatable.  No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


/S/ JOEL A. PISANO
Joel A. Pisano
United States District Judge

Dated: July 30, 2009